LANDAU GOTTFRIED & BERGER LLP
RICHARD S. BERGER (State Bar No. 40672)
PETER J. GURFEIN (State Bar No. 127173)
1801 Century Park East, Suite 1460
Los Angeles, California 90067
Telephone: (310) 557-0050
Facsimile: (310) 557-0056

Attorneys for defendants Houshang Namvar, Homayoun
Namvar, Ramin Namvar, Nataly Namvar, Trifish, LLC,
Tribun, LLC, Believers, LLC, Net, LLC, Light Source
Management, LLC (fka Light Source, LLC), Lacy 20, LLC,
Woodman Partners, LLC, Tritowne, LLC and Trigrove, LLC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re | Case No.: 2:08-bk-32333-BR |
| NAMCO CAPITAL GROUP, INC., a California corporation, | Chapter 11 |
| Debtor. | Adv. Proc. No. 2:10-ap-02945 |
| BRADLEY D. SHARP, solely in his capacity as Chapter 11 Trustee of NAMCO CAPITAL GROUP, INC., | **ANSWER OF DEFENDANTS HOUSHANG NAMVAR, HOMAYOUN NAMVAR, RAMIN NAMVAR, NATALY** |
| Plaintiff, | **NAMVAR, TRIFISH, LLC, TRIBUN, LLC, BELIEVERS, LLC, NET, LLC, LIGHT SOURCE MANAGEMENT, LLC** |
| vs. | **(FKA LIGHT SOURCE, LLC), LACY 20, LLC, WOODMAN PARTNERS, LLC,** |
| MOUSA NAMVAR, HOUSHANG NAMVAR, HOMAYOUN NAMVAR, RAMIN NAMVAR, HELEN SHADI, HILDA BAYANFAR, LIDA SHRAGA, NATALY NAMVAR, DANIEL NAMVAR, BENJAMIN NAMVAR, MALKA NAMVAR, SHIRAH NAMVAR, TRIFISH, LLC, TRIBUN, LLC, MAGDIEL, LLC, TRISISTER, LLC, BELIEVERS, LLC, NET, LLC, LIGHT SOURCE, LLC, L.A. HOTEL VENTURE, LLC, LANCAM PROPERTIES, LLC, LACY 20, LLC, NAM 5, LTD., NAMCO 8, LLC, WISHLAB 90, LLC, BUNHURST, LLC, DGADE OF DELAWARE, LLC, TOYRAM, LLC, NAMARI, LLC, WOODMAN PARTNERS, LLC, TRITOWNE, LLC, TRIGROVE, LLC AND HARON SHABATIAN, | **TRITOWNE, LLC AND TRIGROVE, LLC TO FIRST AMENDED COMPLAINT; COUNTERCLAIM; DEMAND FOR JURY TRIAL** |
| Defendants. | |

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    Defendants Houshang Namvar, Homayoun Namvar, Ramin Namvar, Nataly

2    Namvar, Trifish, LLC, Tribun, LLC, Believers, LLC, Net, LLC, Light Source Management, LLC

3    (fka Light Source, LLC), Lacy 20, LLC, Woodman Partners, LLC, Tritowne, LLC and Trigrove,

4    LLC answer the First Amended Complaint For Damages, Equitable Subordination, Declaratory

5    And Injunctive Relief; Objection To Claims (the "FAC") filed by Plaintiff Bradley D. Sharp,

6    Chapter 11 Trustee of Namco Capital Group, Inc. ("Plaintiff"), as follows:

7    **NATURE OF ACTION**

8        1.    Paragraph 1 of the FAC contains mere characterizations, legal argument and

9    conclusions to which no response is necessary.  However, to the extent any allegation contained in

10   Paragraph 1 of the FAC is deemed a factual allegation, defendants deny each and every such

11   allegation.

12       2.    Paragraph 2 of the FAC contains mere characterizations, legal argument and

13   conclusions to which no response is necessary.  However, to the extent any allegation contained in

14   Paragraph 2 of the FAC is deemed a factual allegation, defendants deny each and every such

15   allegation.

16       3.    Paragraph 3 of the FAC contains mere characterizations, legal argument and

17   conclusions to which no response is necessary.  However, to the extent any allegation contained in

18   Paragraph 3 of the FAC is deemed a factual allegation, defendants deny each and every such

19   allegation.

20       4.    Paragraph 4 of the FAC contains mere characterizations, legal argument and

21   conclusions to which no response is necessary.  However, to the extent any allegation contained in

22   Paragraph 4 of the FAC is deemed a factual allegation, defendants deny each and every such

23   allegation.

24       5.    Paragraph 5 of the FAC contains mere characterizations, legal argument and

25   conclusions to which no response is necessary.  However, to the extent any allegation contained in

26   Paragraph 5 of the FAC is deemed a factual allegation, defendants deny each and every such

27   allegation.

28

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    6.    Answering paragraph 6 of the FAC, defendant Homayoun Namvar admits

2    that at one time Ezri Namvar was an officer of Namco Capital Group, Inc. ("Namco") and

3    Homayoun Namvar was a nominal officer of Namco. Defendants other than Homayoun Namvar

4    are without knowledge or information sufficient to form a belief as to the truth of that allegation,

5    and on that basis deny that allegation. The balance of paragraph 6 of the FAC contains mere

6    characterizations, legal argument and conclusions to which no response is necessary. However, to

7    the extent any allegation contained in Paragraph 6 of the FAC is deemed a factual allegation,

8    defendants deny each and every such allegation.

9    7.    Paragraph 7 of the FAC contains mere characterizations, legal argument and

10    conclusions to which no response is necessary. However, to the extent any allegation contained in

11    Paragraph 7 of the FAC is deemed a factual allegation, defendants deny each and every such

12    allegation.

13    8.    Paragraph 8 of the FAC contains mere characterizations, legal argument and

14    conclusions to which no response is necessary. However, to the extent any allegation contained in

15    Paragraph 8 of the FAC is deemed a factual allegation, defendants deny each and every such

16    allegation.

17    9.    Paragraph 9 of the FAC contains mere characterizations, legal argument and

18    conclusions to which no response is necessary. However, to the extent any allegation contained in

19    Paragraph 9 of the FAC is deemed a factual allegation, defendants deny each and every such

20    allegation.

21    **JURISDICTION AND VENUE**

22    10.    Defendants admit the allegations contained in paragraphs 10 of the FAC.

23    11.    Answering paragraph 11 of the FAC, defendants admit that the Court has

24    jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(a), but deny that this is a

25    core proceeding pursuant to 28 U.S.C. § 157.

26    12.    Defendants admit the allegations contained in paragraph 12 of the FAC.

27    ///

28    ///

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1

**THE PARTIES**

2       13.     Defendants admit the allegations contained in paragraphs 13, 14, 15, 16, 17,

3    18, 19, 20, 21, 22, 23, 24 and 25 of the FAC.

4       14.     Defendants Houshang Namvar, Homayoun Namvar, Ramin Namvar, Trifish,

5    LLC and Tribun, LLC admit the allegations contained in paragraphs 26 and 27 of the FAC.

6    Defendants other than Houshang Namvar, Homayoun Namvar , Ramin Namvar, Trifish, LLC and

7    Tribun, LLC are without knowledge or information sufficient to form a belief as to the truth of the

8    allegations in paragraphs 26 and 27 of the FAC, and on that basis deny those allegations.

9       15.     Defendants are without knowledge or information sufficient to form a belief

10   as to the truth of the allegations in paragraphs 26, 27, 28 and 29 of the FAC, and on that basis deny

11   those allegations.

12       16.     Defendants Houshang Namvar and Believers, LLC admit the allegations in

13   paragraph 30 of the FAC.  Defendants other than Houshang Namvar and Believers, LLC are

14   without knowledge or information sufficient to form a belief as to the truth of the allegations in

15   paragraph 30 of the FAC, and on that basis deny those allegations.

16       17.     Defendants Ramin Namvar and Net, LLC admit that Net, LLC is a limited

17   liability company organized under the laws of the State of California, and deny the remaining

18   allegations in paragraph 31 of the FAC.  Defendants other than Ramin Namvar and Net, LLC are

19   without knowledge or information sufficient to form a belief as to the truth of the allegations in

20   paragraph 31 of the FAC, and on that basis deny those allegations.

21       18.     Defendants Homayoun Namvar and Light Source, LLC (now known as Light

22   Source Management, LLC) admit that Light Source Management, LLC is a limited liability

23   company, and deny the remaining allegations in paragraph 32 of the FAC.  Defendants other than

24   Homayoun Namvar and Light Source Management LLC are without knowledge or information

25   sufficient to form a belief as to the truth of the allegations in paragraph 32 of the FAC, and on that

26   basis deny those allegations.

27       19.     Answering paragraph 33 of the FAC, Defendants Houshang Namvar,

28   Homayoun Namvar and Ramin Namvar admit that they each owned a 20% interest in Nam 5, LLC,

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

and are without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in paragraph 33 of the FAC, and on that basis deny those allegations. Defendants other

than Houshang Namvar, Homayoun Namvar and Ramin Namvar are without knowledge or

information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the FAC,

and on that basis deny those allegations.

20.    Defendants are without knowledge or information sufficient to form a belief

as to the truth of the allegations in paragraphs 34 and 35 of the FAC, and on that basis deny those

allegations.

21.    Defendants Houshang Namvar, Homayoun Namvar, Ramin Namvar, Trifish,

LLC, Light Source Management, LLC and Net, LLC deny the allegations in paragraph 36 of the

FAC. Defendants other than Houshang Namvar, Homayoun Namvar, Ramin Namvar, Trifish,

LLC, Light Source Management, LLC and Net, LLC are without knowledge or information

sufficient to form a belief as to the truth of the allegations in paragraph 36 of the FAC, and on that

basis deny those allegations.

22.    Defendants Lacy 20, LLC and Woodman Partners, LLC admit the allegations

in paragraphs 37 and 38 of the FAC. Defendants other than Lacy 20, LLC and Woodman Partners,

LLC are without knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraphs 37 and 38 of the FAC, and on that basis deny those allegations.

23.    Defendant Woodman Partners, LLC admits the allegations in paragraph 39 of

the FAC. Defendant Houshang Namvar denies that he owned an 18% interest in Woodman

Partners, LLC. Defendant Homayoun Namvar denies that he owned an 18% interest in Woodman

Partners, LLC. Defendant Ramin Namvar denies that he owned an 18% interest in Woodman

Partners, LLC. Except as expressly admitted herein, defendants are without knowledge or

information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the FAC,

and on that basis deny those allegations.

24.    Defendants are without knowledge or information sufficient to form a belief

as to the truth of the allegations in paragraphs 40, 41 and 42 of the FAC, and on that basis deny

those allegations.

1          25.      Answering paragraph 43 of the FAC, Defendant Trifish, LLC admits that it

2  once owned a 6% interest in Wishlab 90, LLC.  Except as expressly admitted herein, defendants are

3  without knowledge or information sufficient to form a belief as to the truth of the allegations in

4  paragraph 43 of the FAC, and on that basis deny those allegations.

5          26.      Answering paragraph 44 of the FAC, defendants Tritowne, LLC, Trifish,

6  LLC, Light Source Management, LLC, Net, LLC, Believers, LLC, Houshang Namvar, Homayoun

7  Namvar and Ramin Namvar admit that Tritowne, LLC was a limited liability company and deny the

8  balance of the allegations in that paragraph.  Defendants other than Tritowne, LLC, Trifish, LLC,

9  Light Source Management, LLC, Net, LLC, Believers, LLC, Houshang Namvar, Homayoun

10  Namvar and Ramin Namvar are without knowledge or information sufficient to form a belief as to

11  the truth of the allegations in paragraph 44 of the FAC, and on that basis deny those allegations.

12          27.      Answering paragraph 45 of the FAC, defendants Trigrove, LLC, Trifish,

13  LLC, Light Source Management, LLC, Net, LLC, Believers, LLC, Houshang Namvar, Homayoun

14  Namvar and Ramin Namvar admit that Trigrove, LLC was a limited liability company, and deny

15  the balance of the allegations in that paragraph.  Defendants other than Trigrove, LLC, Trifish,

16  LLC, Light Source Management, LLC, Net, LLC, Believers, LLC, Houshang Namvar, Homayoun

17  Namvar and Ramin Namvar are without knowledge or information sufficient to form a belief as to

18  the truth of the allegations in paragraph 45 of the FAC, and on that basis deny those allegations.

19          28.      Defendants are without knowledge or information sufficient to form a belief

20  as to the truth of the allegations in paragraph 46 of the FAC, and on that basis deny those

21  allegations.

22          29.      Defendants Trifish, LLC, Tribun, LLC, Believers, LLC, Net, LLC, Light

23  Source Management, LLC, Lacy 20, LLC, Woodman Partners, LLC, Tritowne, LLC and Trigrove,

24  LLC allege that they are limited liability companies incapable of having children and, therefore

25  make no response to paragraph 47 of the FAC.  Defendants other than Trifish, LLC, Tribun, LLC,

26  Believers, LLC, Net, LLC, Light Source Management, LLC, Lacy 20, LLC, Woodman Partners,

27  LLC, Tritowne, LLC and Trigrove, LLC deny the allegations in paragraph 47 of the FAC.

28          30.      Defendants deny the allegations in paragraphs 48 and 49 of the FAC.

*LANDAU GOTTFRIED & BERGER LLP*
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1

## GENERAL ALLEGATIONS

2        31.    Defendants are without knowledge or information sufficient to form a belief

3    as to the truth of the allegations in paragraph 50, 51, 52, 53 and 54 of the FAC, and on that basis

4    deny those allegations.

5        32.    Answering paragraph 55, defendants Houshang Namvar, Homayoun

6    Namvar, Ramin Namvar, Trifish, LLC, Believers, LLC, Light Source Management, LLC and Net,

7    LLC admit that Trifish, LLC owned 9% of Namari, LLC.  Except as expressly admitted herein,

8    defendants are without knowledge or information sufficient to form a belief as to the truth of the

9    allegations in paragraph  55 of the FAC, and on that basis deny those allegations.

10        33.    Answering paragraph 56 of the FAC, defendants Trifish, LLC, Houshang

11    Namvar, Homayoun Namvar and Ramin Namvar deny that at one time Trifish was owned in equal

12    shares by Houshang Namvar, Homayoun Namvar and Ramin Namvar.  Defendant Homayoun

13    Namvar denies that he had an interest in Trifish, LLC and that he transferred any interest in Trifish,

14    LLC, but admits that T.N. Management, Inc. was transferred to each of his three children, that

15    thereafter T.N. Management, Inc.'s interest in Trifish was transferred to T.N. Management, LLC,

16    that thereafter T.N. Management, LLC's interest in Trifish, LLC was transferred to Light Source

17    Management. LLC.  Defendant Homayoun Namvar denies that he is the manager of Light Source

18    Management, LLC.  Defendant Houshang Namvar denies that he had an interest in Trifish, LLC

19    and that he transferred any interest in Trifish, LLC to Believers, LLC.  Defendant Houshang

20    Namvar admits that Believers, LLC is owned 60% by Houshang Namvar and 40% by Nataly

21    Namvar.   Except as expressly admitted herein, defendants are without knowledge or information

22    sufficient to form a belief as to the truth of the allegations in paragraph 56 of the FAC, and on that

23    basis deny those allegations.

24        34.    Answering paragraph 57, defendants Houshang Namvar, Homayoun

25    Namvar, Ramin Namvar, Trifish, LLC, Light Source Management, LLC, Believers, LLC, and Net,

26    LLC admit that Trifish, LLC owned 9% of Namari, LLC.  Except as expressly admitted herein,

27    defendants are without knowledge or information sufficient to form a belief as to the truth of the

28    allegations in paragraph 57 of the FAC, and on that basis deny those allegations.

7

1          35.     Defendants deny the allegations in paragraphs 58 and 59 of the FAC.

2          36.     Defendants are without knowledge or information sufficient to form a belief

as to the truth of the allegations in paragraphs 60, 61 and 62 of the FAC, and on that basis deny

those allegations.

          37.     Answering paragraph 63 of the FAC, defendants allege that the Lacy 20,

LLC operating agreement is the best evidence of the contents of that agreement.  Defendant Lacy

20, LLC admits (as it did in its response to paragraph 37 of the FAC) the identity and amount of its

ownership interests.  Except as expressly admitted herein, defendants are without knowledge or

information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the FAC,

and on that basis deny those allegations.

          38.     Answering paragraph 64 of the FAC, defendants allege that the Woodman

Partners, LLC operating agreement is the best evidence of the contents of that agreement.  Except

as expressly admitted herein, defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 64 of the FAC, and on that basis deny those

allegations.

          39.     Answering paragraph 65, defendant Houshang Namvar admits that he

transferred a 60% interest in Believers, LLC to Nataly Namvar.  Defendant Homayoun Namvar

admits that an interest in Woodman Partners, LLC was transferred to T.N. Management, LLC, that

thereafter T.N. Management, LLC's interest in Woodman Partners, LLC was transferred to Light

Source Management, LLC.  Except as expressly admitted herein, defendants are without knowledge

or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the

FAC, and on that basis deny those allegations.

          40.     Defendants are without knowledge or information sufficient to form a belief

as to the truth of the allegations in paragraphs 66 and 67 of the FAC, and on that basis deny those

allegations.

          41.     Defendants deny the allegations in paragraphs 68 and 69 of the FAC.

///

///

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

42. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 70, 71 and 72 of the FAC, and on that basis deny those allegations.

43. Defendants deny the allegations in paragraphs 73 and 74 of the FAC.

44. Answering paragraph 75 of the FAC, defendants Houshang Namvar, Homayoun Namvar and Ramin Namvar admit that they each owned a 20% interest in Nam 5, LLC, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 33 of the FAC. Defendants other than Houshang Namvar, Homayoun Namvar and Ramin Namvar are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of the FAC, and on that basis deny those allegations.

45. Defendants deny the allegations in paragraphs 76 and 77 of the FAC.

46. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 78, 79, 80, 81, 82 and 83 of the FAC, and on that basis deny those allegations.

47. Answering paragraph 84 of the FAC, defendants, Houshang Namvar, Homayoun Namvar and Ramin Namvar admit that they owned stock in Security Pacific Bancorp, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 84 of the FAC and on that basis deny those allegations. Defendants other than Houshang Namvar, Homayoun Namvar and Ramin Namvar are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 of the FAC, and on that basis deny those allegations.

48. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 of the FAC, and on that basis deny those allegations.

49. Defendants Trifish, LLC, Houshang Namvar, Homayoun Namvar and Ramin Namvar deny the allegations in paragraph 86 of the FAC. Defendants other than Houshang Namvar, Homayoun Namvar and Ramin Namvar are without knowledge or information sufficient

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

to form a belief as to the truth of the allegations in paragraph 86 of the FAC, and on that basis deny those allegations.

50.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 87, 88, 89, 90 and 91 of the FAC, and on that basis deny those allegations.

51.    Answering paragraph 92, defendants alleged that the Tenant In Common Agreement dated February 14, 2007 is the best evidence of its contents.  Except as expressly admitted herein, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 of the FAC, and on that basis deny those allegations.

52.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93 of the FAC, and on that basis deny those allegations.

53.    Defendants deny the allegations in paragraphs 94 and 95 of the FAC.

54.    Defendants Houshang Namvar, Homayoun Namvar, Ramin Namvar, Trifish, LLC and Trigrove, LLC deny the allegations in paragraphs 96, 97, 98, 99 and 100 of the FAC. Defendants other than Houshang Namvar, Homayoun Namvar, Ramin Namvar, Trifish, LLC and Trigrove, LLC are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 96, 97, 98, 99 and 100 of the FAC, and on that basis deny those allegations.

55.    Defendants Houshang Namvar, Homayoun Namvar, Ramin Namvar, Trifish, LLC and Tritowne, LLC deny the allegations in paragraphs 101, 102, 103, 104 and 105 of the FAC. Defendants other than Houshang Namvar, Homayoun Namvar, Ramin Namvar, Trifish, LLC and Tritowne, LLC are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 101, 102, 103, 104 and 105 of the FAC, and on that basis deny those allegations.

56.    Defendants Houshang Namvar, Homayoun Namvar, Ramin Namvar and Trifish, LLC deny the allegations in paragraphs 106, 107 and 108 of the FAC.  Defendants other than Houshang Namvar, Homayoun Namvar, Ramin Namvar and Trifish, LLC are without

Landau Gottfried & Berger LLP
Attorneys At Law
Los Angeles, California

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 106, 107 and 108 of the FAC, and on that basis deny those allegations. Defendants other than Houshang Namvar, Homayoun Namvar, Ramin Namvar and Trifish, LLC are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 106, 107 and 108 of the FAC, and on that basis deny those allegations.

57.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 109 and 110 of the FAC, and on that basis deny those allegations.

58.    Defendants Houshang Namvar, Homayoun Namvar, Ramin Namvar and Trifish, LLC deny the allegations in paragraphs 111, 112 and 113 of the FAC. Defendants other than Houshang Namvar, Homayoun Namvar, Ramin Namvar and Trifish, LLC are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 111, 112 and 113 of the FAC, and on that basis deny those allegations.

59.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 114, 115, 116, 117, 118, 119, 120, 121 and 122 of the FAC, and on that basis deny those allegations.

60.    Answering paragraph 123 of the FAC, defendants Houshang Namvar, Homayoun Namvar, Ramin Namvar and Trifish, LLC admit that at one time Trifish, LLC had a 6% interest in Wishlab 90, LLC, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 123 of the FAC and on that basis deny those allegations. Defendants other than Houshang Namvar, Homayoun Namvar, Ramin Namvar and Trifish, LLC are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123 of the FAC, and on that basis deny those allegations.

61.    Defendants Houshang Namvar, Homayoun Namvar, Ramin Namvar and Trifish, LLC deny the allegations in paragraphs 124, 125 and 126 of the FAC. Defendants other than Houshang Namvar, Homayoun Namvar, Ramin Namvar and Trifish, LLC are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 124, 125 and 126 of the FAC, and on that basis deny those allegations.

1

### ANSWER TO FIRST CLAIM FOR RELIEF

62.     Answering paragraph 127 of the FAC, defendants refer to their responses to paragraphs 1 through 126, inclusive, of the FAC and by such reference incorporate those responses herein.

63.     Defendant Homayoun Namvar denies the allegations in paragraphs 128, 129, 130 and 131 of the FAC.  Defendants other than Homayoun Namvar are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 128, 129, 130 and 131 of the FAC, and on that basis deny those allegations.

### ANSWER TO SECOND CLAIM FOR RELIEF

64.     Answering paragraph 132 of the FAC, defendants refer to their responses to paragraphs 1 through 131, inclusive, of the FAC and by such reference incorporate those responses herein.

65.     Defendants Hooshong Namvar and Ramin Namvar deny the allegations in paragraphs 133, 134, 135, 136, 137 and 138 of the FAC.  Defendants other than Hooshong Namvar and Ramin Namvar are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 133, 134, 135, 136, 137 and 138 of the FAC, and on that basis deny those allegations.

### ANSWER TO THIRD CLAIM FOR RELIEF

66.     Answering paragraph 139 of the FAC, defendants refer to their responses to paragraphs 1 through 138, inclusive, of the FAC and by such reference incorporate those responses herein.

67.     Defendants deny the allegations in paragraphs 140, 141, 142, 143, 144 and 145 of the FAC.

### ANSWER TO FOURTH CLAIM FOR RELIEF

68.     Answering paragraph 146 of the FAC, defendants refer to their responses to paragraphs 1 through 145, inclusive, of the FAC and by such reference incorporate those responses herein.

69.     Defendants deny the allegations in paragraphs 147, 148 and 149 of the FAC.

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## ANSWER TO FIFTH CLAIM FOR RELIEF

70.    Plaintiff has withdrawn his Fifth Claim for Relief and, therefore defendants make no response to the allegations in paragraphs 150, 151, 152 and 153.

## ANSWER TO SIXTH CLAIM FOR RELIEF

71.    Answering paragraph 154 of the FAC, defendants refer to their responses to paragraphs 1 through 153, inclusive, of the FAC and by such reference incorporate those responses herein.

72.    Defendants Hooshong Namvar, Homayoun Namvar, Ramin Namvar and Trifish, LLC deny the allegations in paragraphs 155 and 156 of the FAC.  Defendants other than Hooshong Namvar, Homayoun Namvar, Ramin Namvar and Trifish, LLC are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 155 and 156 of the FAC, and on that basis deny those allegations.

73.    Answering paragraph 157 of the FAC, defendants Hooshong Namvar, Homayoun Namvar and Ramin Namvar admit that they are insiders of Namco and deny the remaining allegations in paragraph 157 of the FAC.  Defendant Trifish, LLC denies that it is an insider of Namco and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 157 of the FAC, and on that basis deny those allegations. Defendants other than Hooshong Namvar, Homayoun Namvar, Ramin Namvar and Trifish, LLC are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 157 of the FAC, and on that basis deny those allegations.

74.    Defendants Hooshong Namvar, Homayoun Namvar, Ramin Namvar and Trifish, LLC deny the allegations in paragraphs 158, 159 and 160 of the FAC.  Defendants other than Hooshong Namvar, Homayoun Namvar, Ramin Namvar and Trifish, LLC are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 158, 159 and 160 of the FAC, and on that basis deny those allegations.

///

///

///

13

1

## ANSWER TO SEVENTH CLAIM FOR RELIEF

2       75.    Answering paragraph 161 of the FAC, defendants refer to their responses to

3   paragraphs 1 through 160, inclusive, of the FAC and by such reference incorporate those responses

4   herein.

5       76.    Defendants Hooshong Namvar, Homayoun Namvar, Ramin Namvar and

6   Trifish, LLC deny the allegations in paragraphs 162 and 163 of the FAC.  Defendants other than

7   Hooshong Namvar, Homayoun Namvar, Ramin Namvar and Trifish, LLC are without knowledge

8   or information sufficient to form a belief as to the truth of the allegations in paragraphs 162 and 163

9   of the FAC, and on that basis deny those allegations.

10      77.    Answering paragraph 164 of the FAC, defendants Hooshong Namvar,

11  Homayoun Namvar and Ramin Namvar admit that they are insiders of Namco and deny the

12  remaining allegations in paragraph 164 of the FAC.  Defendant Trifish, LLC denies that it is an

13  insider of Namco and is without knowledge or information sufficient to form a belief as to the truth

14  of the remaining allegations in paragraph 164 of the FAC, and on that basis deny those allegations.

15  Defendants other than Hooshong Namvar, Homayoun Namvar, Ramin Namvar and Trifish, LLC

16  are without knowledge or information sufficient to form a belief as to the truth of the allegations in

17  paragraph 164 of the FAC, and on that basis deny those allegations.

18      78.    Defendants Hooshong Namvar, Homayoun Namvar, Ramin Namvar and

19  Trifish, LLC deny the allegations in paragraphs 165, 166 and 167 of the FAC.  Defendants other

20  than Hooshong Namvar, Homayoun Namvar, Ramin Namvar and Trifish, LLC are without

21  knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs

22  165, 166 and 167 of the FAC, and on that basis deny those allegations.

23  ## ANSWER TO EIGHTH CLAIM FOR RELIEF

24      79.    Answering paragraph 168 of the FAC, defendants refer to their responses to

25  paragraphs 1 through 167, inclusive, of the FAC and by such reference incorporate those responses

26  herein.

27      80.    Defendants Hooshong Namvar, Homayoun Namvar, Ramin Namvar and

28  Trifish, LLC deny the allegations in paragraphs 169 and 170 of the FAC.  Defendants other than

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Hooshong Namvar, Homayoun Namvar, Ramin Namvar and Trifish, LLC are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 169 and 170 of the FAC, and on that basis deny those allegations.

81.     Answering paragraph 171 of the FAC, defendants Hooshong Namvar, Homayoun Namvar and Ramin Namvar admit that they are insiders of Namco and deny the remaining allegations in paragraph 171 of the FAC.  Defendant Trifish, LLC denies that it is an insider of Namco and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 171 of the FAC, and on that basis deny those allegations. Defendants other than Hooshong Namvar, Homayoun Namvar, Ramin Namvar and Trifish, LLC are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 171 of the FAC, and on that basis deny those allegations.

82.     Defendants Hooshong Namvar, Homayoun Namvar, Ramin Namvar and Trifish, LLC deny the allegations in paragraphs 172 and 173 of the FAC.  Defendants other than Hooshong Namvar, Homayoun Namvar, Ramin Namvar and Trifish, LLC are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 172, 173 and 174 of the FAC, and on that basis deny those allegations.

<u>**ANSWER TO NINTH CLAIM FOR RELIEF**</u>

83.     The Ninth Claim for Relief does not purport to state a claim against these answering defendants who, therefore, make no response to the allegations in paragraphs 174, 175, 176, 177, 178 and 179 of the FAC.

<u>**ANSWER TO TENTH CLAIM FOR RELIEF**</u>

84.     Answering paragraph 180 of the FAC, defendants refer to their responses to paragraphs 1 through 179, inclusive, of the FAC and by such reference incorporate those responses herein.

85.     Defendants Hooshong Namvar, Homayoun Namvar, Ramin Namvar and Trifish, LLC deny the allegations in paragraphs 181 and 182 of the FAC.  Defendants other than Hooshong Namvar, Homayoun Namvar, Ramin Namvar and Trifish, LLC are without knowledge

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   or information sufficient to form a belief as to the truth of the allegations in paragraphs 181 and 182

2   of the FAC, and on that basis deny those allegations.

3         86.    Answering paragraph 183 of the FAC, defendants Hooshong Namvar,

4   Homayoun Namvar and Ramin Namvar admit that they are insiders of Namco and deny the

5   remaining allegations in paragraph 183 of the FAC. Defendant Trifish, LLC denies that it is an

6   insider of Namco and is without knowledge or information sufficient to form a belief as to the truth

7   of the remaining allegations in paragraph 183 of the FAC, and on that basis deny those allegations.

8   Defendants other than Hooshong Namvar, Homayoun Namvar, Ramin Namvar and Trifish, LLC

9   are without knowledge or information sufficient to form a belief as to the truth of the allegations in

10  paragraph 183 of the FAC, and on that basis deny those allegations.

11        87.    Defendants Hooshong Namvar, Homayoun Namvar, Ramin Namvar and

12  Trifish, LLC deny the allegations in paragraphs 184, 185 and 186 of the FAC. Defendants other

13  than Hooshong Namvar, Homayoun Namvar, Ramin Namvar and Trifish, LLC are without

14  knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs

15  184, 185 and 186 of the FAC, and on that basis deny those allegations.

16        **ANSWER TO ELEVENTH CLAIM FOR RELIEF**

17        88.    Answering paragraph 187 of the FAC, defendants refer to their responses to

18  paragraphs 1 through 186, inclusive, of the FAC and by such reference incorporate those responses

19  herein.

20        89.    Defendants deny the allegations in paragraphs 188, 189, 190, 191 and 192 of

21  the FAC.

22        **ANSWER TO TWELFTH CLAIM FOR RELIEF**

23        90.    The Twelfth Claim for Relief does not purport to state a claim against these

24  answering defendants who, therefore, make no response to the allegations in paragraphs 193, 194,

25  195, 196, 197 and 198 of the FAC.

26  ///

27  ///

28  ///

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1

## ANSWER TO THIRTEENTH CLAIM FOR RELIEF

2    91.    Plaintiff has withdrawn his Thirteenth Claim for Relief and, therefore,

3    defendants make no response to the allegations in paragraphs 199, 200, 201, 202, 203 and 204 of

4    the FAC.

5

## ANSWER TO FOURTEENTH CLAIM FOR RELIEF

6    92.    The Fourteenth Claim for Relief does not purport to state a claim against

7    these answering defendants who, therefore, make no response to the allegations in paragraphs 205,

8    206, 207, 208, 209, 210, 211, 212 and 213 of the FAC.

9

## ANSWER TO FIFTEENTH CLAIM FOR RELIEF

10    93.    Answering paragraph 214 of the FAC, defendants refer to their responses to

11    paragraphs 1 through 213, inclusive, of the FAC and by such reference incorporate those responses

12    herein.

13    94.    Defendants deny the allegations in paragraphs 215 and 216 of the FAC.

14

## ANSWER TO SIXTEENTH CLAIM FOR RELIEF

15    95.    Answering paragraph 217 of the FAC, defendants refer to their responses to

16    paragraphs 1 through 216, inclusive, of the FAC and by such reference incorporate those responses

17    herein.

18    96.    Defendants deny the allegations in paragraphs 218. 219, 220 and 221 of the

19    FAC.

20

## RESPONSE TO OBJECTION TO CLAIMS

21    97.    Answering paragraph 222 of the FAC, defendants refer to their responses to

22    paragraphs 1 through 221, inclusive, of the FAC and by such reference incorporate those responses

23    herein.

24    98.    Defendants deny the allegations in paragraphs 223 and 224 of the FAC.

25

## FIRST AFFIRMATIVE DEFENSE

26

### (Failure to State a Claim)

27    99.    Neither the FAC as a whole, nor any of the sixteen separately stated Claims

28    for Relief, nor the Objection to Claims, states a claim upon which relief can be granted.

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1

## SECOND AFFIRMATIVE DEFENSE

2

### (Lack of Standing)

3
100.    Plaintiff lacks standing to assert the Second Claim for Relief.

4

## THIRD AFFIRMATIVE DEFENSE

5

### (Statutes of Limitation)

6
101.    The Third Claim for Relief is barred by the two year statute of limitations

7
found in Cal. Code Civ. Proc. § 339.

8
102.    The Sixth, Seventh and Tenth Claims for Relief are barred by the 90 day

9
statute of limitations found in 11 U.S.C. § 553(b).

10

## FOURTH AFFIRMATIVE DEFENSE

11

### (Statute of Frauds)

12
103.    Some or all of the claims asserted in the Third Claim for Relief are barred by

13
the Statute of Frauds found in Cal. Civ. Code § 1624.

14

## FIFTH AFFIRMATIVE DEFENSE

15

### (Unclean Hands)

16
104.    The First, Second, Third, Fourth, Sixth, Seventh, Eighth, Tenth, Fifteenth and

17
Sixteenth Claims for Relief are barred by the doctrine of unclean hands.

18

## SIXTH AFFIRMATIVE DEFENSE

19

### (In Pari Delicto)

20
105.    The First, Second, Third, Fourth, Sixth, Seventh, Eighth, Tenth, Fifteenth and

21
Sixteenth Claims for Relief are barred by the doctrine of *in pari delicto*.

22

## SEVENTH AFFIRMATIVE DEFENSE

23

### (Laches)

24
106.    Plaintiff has unreasonably delayed bringing the First, Second, Third, Fourth,

25
Fifteenth and Sixteenth Claims for Relief to defendants' prejudice, and the First, Second, Third,

26
Fourth, Fifteenth and Sixteenth Claims for Relief are barred by the doctrine of laches.

27
///

28
///

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

### EIGHTH AFFIRMATIVE DEFENSE

#### (Estoppel)

107.    By reason of his own acts and conduct and the acts and conduct of his predecessor, Plaintiff is stopped from asserting the First, Second, Third, Fourth, Sixth, Seventh, Eighth, Tenth, Fifteenth and Sixteenth Claims for Relief.

### NINTH AFFIRMATIVE DEFENSE

#### (Waiver)

108.    By reason of his own acts and conduct and the acts and conduct of his predecessor, Plaintiff has waived his right to assert the First, Second, Third, Fourth, Sixth, Seventh, Eighth, Tenth, Fifteenth and Sixteenth Claims for Relief.

### TENTH AFFIRMATIVE DEFENSE

#### (Acts of Others)

109.    If Plaintiff suffered any loss, damage or detriment in any manner or amount whatsoever, which defendants deny, such loss, damage or detriment was caused in whole or in part by the acts and conduct of persons other than defendants over whom defendants had no control. Any award of damages to Plaintiff must be allocated in proportion to the fault of each such other person.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Superseding Cause)

110.    If Plaintiff suffered any loss, damage or detriment in any manner or amount whatsoever, which defendants deny, such loss, damage or detriment was caused in whole or in part by superseding and intervening causes over which defendants had no control. Any award of damages to Plaintiff must be allocated in proportion to the loss, damage or detriment caused by such superseding or intervening cause.

### TWELFTH AFFIRMATIVE DEFENSE

#### (For Value and in Good Faith)

111.    Defendants took the transfers described in the Fifth, Sixth, Seventh, Eighth and Tenth Claims for relief for value and in good faith, and have a lien on or may retain any transferred interest.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Offset)

112.    Any award of damages to Plaintiff must be offset against the sums owed by Plaintiff and his predecessor to defendants.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Recoupment)

113.    Any award of damages to Plaintiff must be reduced by the sums defendants are entitled to recoup from Plaintiff and his predecessor.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

114.    Plaintiff is barred from recovery on his Third Claim for relief to the extent there has been an accord and satisfaction.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (No Diminution)

115.    Viewing the transactions described in the FAC as a whole, Plaintiff is not entitled to relief because defendants' conduct has not caused a diminution of the estate.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Shotgun Complaint)

116.    The FAC is a shotgun complaint and, as such, is vague, ambiguous and in part indecipherable. Defendants reserve their right to amend this Answer to assert any and all additional affirmative defenses if and when the vagueness, ambiguousness and indecipherability of the FAC has been resolved and/or if and when such additional defenses become known.

### COUNTERCLAIM

Defendants and counterclaimants Houshang Namvar, Homayoun Namvar, Ramin Namvar, Trifish, LLC and Woodman Partners, LLC allege:

### PARTIES

1.    Counterclaimant Houshang Namvar is an individual and at all times material to this Counterclaim was a resident of the County of Los Angeles, California.

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

2.    Counterclaimant Ramin Namvar is an individual and at all times material to this Counterclaim was a resident of the County of Los Angeles, California.

3.    Counterclaimant Homayoun Namvar is an individual and at all times material to this Counterclaim was a resident of the County of Los Angeles, California.

4.    Counterclaimant Trifish, LLC is a limited liability company organized under the laws of the State of California.

5.    Counterclaimant Woodman Partners, LLC is a limited liability company organized under the laws of the State of California.

6.    On December 22, 2008 (the "Petition Date"), an involuntary chapter 11 bankruptcy petition was filed against Namco Capital Group, Inc. ("Namco"). Counterdefendant Bradley D. Sharp is the chapter 11 trustee of Namco.

## JURISDICTION AND VENUE

7.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(a). This is not a core proceeding pursuant to 28 U.S.C. § 157. Counterclaimants do not consent to entry of final orders or judgment by the bankruptcy judge.

8.    Venue in this district is proper pursuant to 28 U.S.C. § 1409(a).

## FIRST CLAIM FOR RELIEF

### (Money Had and Received)

9.    Counterclaimants refer to the allegations in paragraphs 1 through 8, inclusive, of this Counterclaim and by such reference incorporate those allegations herein.

10.    Within four years prior to the Petition Date, Namco became indebted to counterclaimant Houshang Namvar for money had and received by Namco for the use and benefit of Houshang Namvar.

11.    Only a part of said money has been repaid, although demand therefor has been made, and there is now due, owing and unpaid to Houshang Namvar the sum of $12,700 plus such additional sums that may be shown by proof at trial, plus interest thereon at the legal rate from and after the date on which each said sum first became due.

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

12.     Within four years prior to the Petition Date, Namco became indebted to counterclaimant Homayoun Namvar for money had and received by Namco for the use and benefit of Homayoun Namvar.

13.     Only a part of said money has been repaid, although demand therefor has been made, and there is now due, owing and unpaid to Homayoun Namvar the sum of $1,173,456.19 plus such additional sums that may be shown by proof at trial, plus interest thereon at the legal rate from and after the date on which each said sum first became due.

14.     Within four years prior to the Petition Date, Namco became indebted to counterclaimant Ramin Namvar for money had and received by Namco for the use and benefit of Ramin Namvar.

15.     Only a part of said money has been repaid, although demand therefor has been made, and there is now due, owing and unpaid to Ramin Namvar the sum of $36,544.17 plus such additional sums that may be shown by proof at trial, plus interest thereon at the legal rate from and after the date on which each said sum first became due.

16.     Within four years prior to the Petition Date, Namco became indebted to counterclaimant Trifish, LLC for money had and received by Namco for the use and benefit of Trifish, LLC.

17.     Only a part of said money has been repaid, although demand therefor has been made, and there is now due, owing and unpaid to Trifish, LLC the sum of $1,301,016.11 plus such additional sums that may be shown by proof at trial, plus interest thereon at the legal rate from and after the date on which each said sum first became due.

18.     Within four years prior to the Petition Date, Namco became indebted to counterclaimant Woodman Partners, LLC for money had and received by Namco for the use and benefit of Woodman Partners, LLC.

19.     Only a part of said money has been repaid, although demand therefor has been made, and there is now due, owing and unpaid to Woodman Partners, LLC the sum of $10,850,780.79 plus such additional sums that may be shown by proof at trial, plus interest thereon at the legal rate from and after the date on which each said sum first became due.

## SECOND CLAIM FOR RELIEF

### (Money Lent)

20.    Counterclaimants refer to the allegations in paragraphs 1 through 10, inclusive, of this Counterclaim and by such reference incorporate those allegations herein.

21.    Within four years prior to the Petition Date, Namco became indebted to counterclaimant Houshang Namvar for money lent by Houshang Namvar to Namco at Namco's request.

22.    Only a part of said money has been repaid, although demand therefor has been made, and there is now due, owing and unpaid to Houshang Namvar the sum of $12,700 plus such additional sums that may be shown by proof at trial, plus interest thereon at the legal rate from and after the date on which each said sum first became due.

23.    Within four years prior to the Petition Date, Namco became indebted to counterclaimant Homayoun Namvar for money lent by Homayoun Namvar to Namco at Namco's request.

24.    Only a part of said money has been repaid, although demand therefor has been made, and there is now due, owing and unpaid to Homayoun Namvar the sum of $1,173,456.19 plus such additional sums that may be shown by proof at trial, plus interest thereon at the legal rate from and after the date on which each said sum first became due.

25.    Within four years prior to the Petition Date, Namco became indebted to counterclaimant Ramin Namvar for money lent by Ramin Namvar to Namco at Namco's request.

26.    Only a part of said money has been repaid, although demand therefor has been made, and there is now due, owing and unpaid to Ramin Namvar the sum of $36,544.17 plus such additional sums that may be shown by proof at trial, plus interest thereon at the legal rate from and after the date on which each said sum first became due.

27.    Within four years prior to the Petition Date, Namco became indebted to counterclaimant Trifish, LLC for money let by Trifish, LLC to Namco at Namco's request.

28.    Only a part of said money has been repaid, although demand therefor has been made, and there is now due, owing and unpaid to Trifish, LLC the sum of $1,301,016.11 plus

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   such additional sums that may be shown by proof at trial, plus interest thereon at the legal rate from

2   and after the date on which each said sum first became due.

3          29.    Within four years prior to the Petition Date, Namco became indebted to

4   counterclaimant Woodman Partners, LLC for money lent by Woodman Partners, LLC to Namco at

5   Namco's request.

6          30.    Only a part of said money has been repaid, although demand therefor has

7   been made, and there is now due, owing and unpaid to Woodman Partners, LLC the sum of

8   $10,850,780.79 plus such additional sums that may be shown by proof at trial, plus interest thereon

9   at the legal rate from and after the date on which each said sum first became due.

10                    **THIRD CLAIM FOR RELIEF**

11                       **(Open Book Account)**

12         31.    Counterclaimants refer to the allegations in paragraphs 1 through 10,

13   inclusive, of this Counterclaim and by such reference incorporate those allegations herein.

14         32.    Within four years prior to the Petition Date, Namco became indebted to

15   counterclaimant Houshang Namvar on an open book account for money due.

16         33.    Only a part of said money has been repaid, although demand therefor has

17   been made, and there is now due, owing and unpaid to Houshang Namvar the sum of $12,700 plus

18   such additional sums that may be shown by proof at trial, plus interest thereon at the legal rate from

19   and after the date on which each said sum first became due.

20         34.    Within four years prior to the Petition Date, Namco became indebted to

21   counterclaimant Homayoun Namvar on an open book account for money due.

22         35.    Only a part of said money has been repaid, although demand therefor has

23   been made, and there is now due, owing and unpaid to Homayoun Namvar the sum of

24   $1,173,456.19 plus such additional sums that may be shown by proof at trial, plus interest thereon

25   at the legal rate from and after the date on which each said sum first became due.

26         36.    Within four years prior to the Petition Date, Namco became indebted to

27   counterclaimant Ramin Namvar on an open book account for money due.

28

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

37.    Only a part of said money has been repaid, although demand therefor has been made, and there is now due, owing and unpaid to Ramin Namvar the sum of $36,544.17 plus such additional sums that may be shown by proof at trial, plus interest thereon at the legal rate from and after the date on which each said sum first became due.

38.    Within four years prior to the Petition Date, Namco became indebted to counterclaimant Trifish, LLC on an open book account for money due.

39.    Only a part of said money has been repaid, although demand therefor has been made, and there is now due, owing and unpaid to Trifish, LLC the sum of $1,301,016.11 plus such additional sums that may be shown by proof at trial, plus interest thereon at the legal rate from and after the date on which Ech said sum first became due.

40.    Within four years prior to the Petition Date, Namco became indebted to counterclaimant Woodman Partners, on an open book account for money due.

41.    Only a part of said money has been repaid, although demand therefor has been made, and there is now due, owing and unpaid to Woodman Partners, LLC the sum of $10,850,780.79 plus such additional sums that may be shown by proof at trial, plus interest thereon at the legal rate from and after the date on which each said sum first became due.

## FOURTH CLAIM FOR RELIEF

### (Account Stated)

42.    Counterclaimants refer to the allegations in paragraphs 1 through 10, inclusive, of this Counterclaim and by such reference incorporate those allegations herein.

43.    Within four years prior to the Petition Date, Namco became indebted to counterclaimant Houshang Namvar on an account stated in writing between Houshang Namvar and Namco in which it was agreed that Namco was indebted to Houshang Namvar.

44.    Only a part of said indebtedness has been repaid, although demand therefor has been made, and there is now due, owing and unpaid to Houshang Namvar the sum of $12,700 plus such additional sums that may be shown by proof at trial, plus interest thereon at the legal rate from and after the date on which each said sum first became due.

1    45.    Within four years prior to the Petition Date, Namco became indebted to

2    counterclaimant Homayoun Namvar on an account stated in writing between Homayoun Namvar

3    and Namco in which it was agreed that Namco was indebted to Homayoun Namvar.

4    46.    Only a part of said indebtedness has been repaid, although demand therefor

5    has been made, and there is now due, owing and unpaid to Homayoun Namvar the sum of

6    $1,173,456.19 plus such additional sums that may be shown by proof at trial, plus interest thereon

7    at the legal rate from and after the date on which each said sum first became due.

8    47.    Within four years prior to the Petition Date, Namco became indebted to

9    counterclaimant Ramin Namvar on an account stated in writing between Ramin Namvar and

10   Namco in which it was agreed that Namco was indebted to Ramin Namvar.

11   48.    Only a part of said Indebtedness has been repaid, although demand therefor

12   has been made, and there is now due, owing and unpaid to Ramin Namvar the sum of $36,544.17

13   plus such additional sums that may be shown by proof at trial, plus interest thereon at the legal rate

14   from and after the date on which each said sum first became due.

15   49.    Within four years prior to the Petition Date, Namco became indebted to

16   counterclaimant Trifish, LLC on an account stated in writing between Trifish, LLC and Namco in

17   which it was agreed that Namco was indebted to Trifish, LLC.

18   50.    Only a part of said indebtedness has been repaid, although demand therefor

19   has been made, and there is now due, owing and unpaid to Trifish, LLC the sum of $1,301,016.11

20   plus such additional sums that may be shown by proof at trial, plus interest thereon at the legal rate

21   from and after the date on which each said sum first became due.

22   51.    Within four years prior to the Petition Date, Namco became indebted to

23   counterclaimant Woodman Partners, on an account stated in writing between Woodman Partners,

24   LLC and Namco in which it was agreed that Namco was indebted to Woodman Partners, LLC.

25   52.    Only a part of said indebtedness has been repaid, although demand therefor

26   has been made, and there is now due, owing and unpaid to Woodman Partners, LLC the sum of

27   $10,850,780.79 plus such additional sums that may be shown by proof at trial, plus interest thereon

28   at the legal rate from and after the date on which each said sum first became due.

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    WHEREFORE, defendants Houshang Namvar, Homayoun Namvar, Ramin Namvar,

2  Nataly Namvar, Trifish, LLC, Tribun, LLC, Believers, LLC, Net, LLC, Light Source Management,

3  LLC (fka Light Source, LLC), Lacy 20, LLC, Woodman Partners, LLC, Tritowne, LLC and

4  Trigrove, LLC, pray for judgment on the FAC as follows:

5    1.    that Plaintiff take nothing by way of the Claims for Relief asserted in the

6  FAC and that the Objection to Claims in the FAC be overruled;

7    2.    for their costs of suit herein; and

8    3.    for such other and further relief as the Court deems just and proper;

9  and counterclaimants Houshang Namvar, Homayoun Namvar, Ramin Namvar, Trifish, LLC and

10  Woodman Partners pray for judgment on their First, Second, Third and Fourth Claims for Relief in

11  the Counterclaim as follows:

12    1.    for such sums according to proof at trial;

13    2.    for their costs of suit herein; and

14    3.    for such other and further relief as the Court deems just and proper.

15  Dated: May 24, 2011        LANDAU GOTTFRIED & BERGER LLP
                              RICHARD S. BERGER
16                            PETER J. GURFEIN

17

18                            By: _____

19                                Richard S. Berger
                              Attorneys for defendants Attorneys for defendants
20                            Houshang Namvar, Homayoun Namvar, Ramin
                              Namvar, Nataly Namvar, Trifish, LLC, Tribun, LLC,
21                            Believers, LLC, Net, LLC, Light Source Management,
                              LLC (fka Light Source, LLC), Lacy 20, LLC,
22                            Woodman Partners, LLC, Tritowne, LLC and
                              Trigrove, LLC
23

24

25

26

27

28

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## DEMAND FOR JURY TRIAL

Pursuant to the provisions of Fed. R. Civ. P. 38(b), Fed. R. Bankr. P. 9015(a) and

Local Bankruptcy Rule 9015-2(b), defendants hereby demand a trial by jury of all issues triable by

right by a jury.

Dated: May 24, 2011

LANDAU GOTTFRIED & BERGER LLP
RICHARD S. BERGER
PETER J. GURFEIN


By: _____
    Richard S. Berger
Attorneys for defendants Attorneys for defendants
Houshang Namvar, Homayoun Namvar, Ramin
Namvar, Nataly Namvar, Trifish, LLC, Tribun, LLC,
Believers, LLC, Net, LLC, Light Source Management,
LLC (fka Light Source, LLC), Lacy 20, LLC,
Woodman Partners, LLC, Tritowne, LLC and
Trigrove, LLC

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| | |
|---|---|
| In re: NAMCO CAPITAL GROUP, Inc.<br><br>Debtor. | CHAPTER 11<br><br>CASE NUMBER 2:08-bk-32333-BR<br><br>**ADVERSARY CASE NO.: 2:10-ap-02945** |

# PROOF OF SERVICE OF DOCUMENT

I, __Christopher R. Scott__, am employed in the city and county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is: 1801 Century Park East, Suite 1460, Los Angeles, CA 90067. A true and correct copy of the foregoing documents described:

**ANSWER OF DEFENDANTS HOUSHANG NAMVAR, HOMAYOUN NAMVAR, RAMIN NAMVAR, NATALY NAMVAR, TRIFISH, LLC, TRIBUN, LLC, BELIEVERS, LLC, NET, LLC, LIGHT SOURCE MANAGEMENT, LLC (FKA LIGHT SOURCE, LLC), LACY 20, LLC, WOODMAN PARTNERS, LLC, TRITOWNE, LLC AND TRIGROVE, LLC TO FIRST AMENDED COMPLAINT; COUNTERCLAIM; DEMAND FOR JURY TRIAL**

will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On __May 24, 2012__, I checked the CM/ECF docket for this bankruptcy case and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒    Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On __May 24, 2012__, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.
**BY U.S. MAIL**

Honorable Barry Russell
US Bankruptcy Court
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

Pachulski Stang Ziehl & Jones LLP
c/o Dean A Ziehl, Gillian N. Brown
10100 Santa Monica Bl., Ste 1100
Los Angeles, CA 90067-4003

☒    Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____,  I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| May 24, 2012 | Christopher R. Scott | /s/ Christopher R. Scott |
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.
*January 2009*

**F 9013-3.1**

| In re: NAMCO CAPITAL GROUP, Inc. | | CHAPTER 11 |
|---|---|---|
| | Debtor. | CASE NUMBER 2:08-bk-32333-BR |
| | | **ADVERSARY CASE NO.: 2:10-ap-02945** |

## I. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**

- Robert B Mobasseri
  445 S Figueroa St Ste 2700
  Los Angeles, CA 90071

## II. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF") (Continued):**

- Richard S Berger    rberger@lgbfirm.com, pbransten@lgbfirm.com;kmoss@lgbfirm.com
- J Scott Bovitz    bovitz@bovitz-spitzer.com
- Alan F Broidy    alan@broidylaw.com, sherrie@broidylaw.com
- Gillian N Brown    gbrown@pszjlaw.com, gbrown@pszjlaw.com
- Brian L Davidoff    bdavidoff@rutterhobbs.com, calendar@rutterhobbs.com;jreinglass@rutterhobbs.com
- Peter J Gurfein    pgurfein@lgbfirm.com
- Stuart I Koenig    Skoenig@cmkllp.com
- Alan J Kornfeld    akornfeld@pszjlaw.com, akornfeld@pszjlaw.com
- David M Poitras    dpoitras@jmbm.com
- Damon G Saltzburg    ds@srblaw.com, cs@srblaw.com
- Henley L Saltzburg    hls@srblaw.com, ar@srblaw.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Afshin Youssefyeh    ady@adylaw.com
- Dean A Ziehl    dziehl@pszjlaw.com, dziehl@pszjlaw.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 9013-3.1**